UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway
White Plains, New York  10601
Telephone:  (914) 328-0404
Attorneys of Record:
     Greg Riolo (GR 1634)
     Michael A. Frankel (MF 9712)

-----------------------------------------------------------------------X
MAURICIA GRANT,                :
                                       :
                   Plaintiff,     :     Case No. 08 CV 5276 (DAB)
                                       :
     - against -               :
                                       :
NATIONAL ASSOCIATION FOR STOCK     :
CAR RACING, INC.,                 :
                                       :
               Defendant.     :
-----------------------------------------------------------------------X

## ANSWER

        Defendant, NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING,

INC., named herein as "National Association for Stock Car Racing, Inc." (hereinafter

"Defendant" or "NASCAR"), by and through its undersigned attorneys, respectfully submits the

following Answer to Plaintiff's Complaint in connection with the above-captioned case.

        1.      Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph "1" of Plaintiff's Complaint.

        2.      Upon information and belief, Defendant admits the allegations set forth in

Paragraph "2" of Plaintiff's Complaint.

        3.      Defendant denies each and every allegation set forth in Paragraph "3" of

Plaintiff's Complaint, except admits that: (1) NASCAR is a Florida corporation; (2) NASCAR's

principal place of business is located in Daytona Beach, Florida; and (3) NASCAR employs numerous employees.

4.    Defendant denies each and every allegation set forth in Paragraph "4" of Plaintiff's Complaint, except admits that NASCAR is a sanctioning body for stock car racing.

5.    Defendant denies each and every allegation set forth in Paragraph "5" of Plaintiff's Complaint, except admits that NASCAR is a sanctioning body for stock car racing.

6.    Defendant denies each and every allegation set forth in Paragraph "6" of Plaintiff's Complaint, except admits that NASCAR has an office in New York.

7.    Defendant denies each and every allegation set forth in Paragraph "7" of Plaintiff's Complaint, except admits that NASCAR employed Plaintiff at certain times.

8.    Defendant admits the allegations set forth in Paragraph "8" of Plaintiff's Complaint.

9.    Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Brian France is Defendant's Chairman of the Board and Chief Executive Officer; and (3) Mr. France is Caucasian.

10.    Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Jim Cassidy is Defendant's Managing Director, Racing Operations; (3) Mr. Cassidy formerly held the position of Director, Racing Operations; and (4) Mr. Cassidy is Caucasian.

11.    Defendant denies each and every allegation set forth in Paragraph "11" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2)

Scott French held the position of Race and Advance Logistics Coordinator during Plaintiff's employment; and (3) Mr. French is Caucasian.

12.    Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Joe Balash is Defendant's Director, NASCAR Nationwide Series; (3) Mr. Balash formerly held the position of Director, NASCAR Busch Series (the NASCAR Busch Series is currently known as the NASCAR Nationwide Series and will be referred herein as "Busch Series"); and (4) Mr. Balash is Caucasian.

13.    Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Mike Dolan held the position of Busch Series Garage Supervisor during Plaintiff's employment; and (3) Mr. Dolan is Caucasian.

14.    Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Alan Shepard held the position of Busch Series Chassis Supervisor during Plaintiff's employment; and (3) Mr. Shepard is Caucasian.

15.    Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Dennis Dillard held the position of Busch Series Safety Supervisor during Plaintiff's employment; and (3) Mr. Dillon is Caucasian.

16.    Defendant denies each and every allegation set forth in Paragraph "16" of Plaintiff's Complain, except admits that: (1) Defendant employed Plaintiff at certain times; (2)

3

Starr George is Defendant's Managing Director, Human Resources; and (3) Ms. George is Caucasian.

17.     Defendant denies each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint, except admits that: (1) Defendant employed Plaintiff at certain times; (2) Jay Altizer, Craig Anderson, Jason Brownlow, Jason Covel, Jonathan Dickerson, Mike Dumas, Dan Fenwrick, Tim Knox, Rick Noble, Walt Sova, Bill Whelan and Dennis Wodzewoda held the positions of Busch Series Officials during Plaintiff's employment; (3) NASCAR formerly employed David Duke as a Busch Series Official; (4) Shaun Johnson holds the position of Track Services Coordinator and formerly held the position of Busch Series Field Investigator during Plaintiff's employment; (5) Tim Smith held the position of Busch Series Transport Driver during Plaintiff's employment; (6) Mike Weddle holds the position of Mechanical Measurements Inspection Supervisor and formerly held the position of Busch Series Weights and Measurements Supervisor during Plaintiff's employment; (7) Mike Wilford formerly held the position of Busch Series Technical Inspector; (8) Mr. Altizer, Mr. Anderson, Mr. Brownlow, Mr. Covel, Mr. Dickerson, Mr. Dumas, Mr. Fenwrick, Mr. Knox, Mr. Noble, Mr. Sova, Mr. Whelan, Mr. Wodzewoda, Mr. Duke, Mr. Johnson, Mr. Smith and Mr. Weddle are Caucasian; and (9) Mr. Wilford is Hispanic.

18.     Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint and refers all questions of law to the Court.

19.     Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint.

## AS TO "GENERAL ALLEGATIONS OF RACE AND GENDER DISCRIMINATION, A RACIALLY AND SEXUALLY HOSTILE WORK ENVIRONMENT, AND RACIAL AND SEXUAL HARASSMENT"

20.     Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "19" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint, except admits Defendant employed Plaintiff at certain times, and avers that: (1) NASCAR is an equal opportunity employer with a strong commitment to diversity; and (2) NASCAR maintains a zero tolerance policy against discrimination and harassment in the workplace.

22.     Defendant denies each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint, and avers that Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race.

23.     Defendant denies each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; (2) Plaintiff acknowledged that she received NASCAR's Employee Manual which details NASCAR's zero tolerance policy against discrimination and harassment in the workplace; (3) Plaintiff attended NASCAR's mandatory diversity and harassment training seminars in 2006 and 2007; and (4) Plaintiff acknowledged that she understood her right and obligation to immediately report all acts of discrimination and harassment in accordance with NASCAR's written policies.

5

24.    Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; (2) Plaintiff acknowledged that she received NASCAR's Employee Manual which details NASCAR's zero tolerance policy against discrimination and harassment in the workplace; (3) Plaintiff attended NASCAR's mandatory diversity and harassment training seminars in 2006 and 2007; and (4) Plaintiff acknowledged that she understood her right and obligation to immediately report all acts of discrimination and harassment in accordance with NASCAR's written policies.

25.    Defendant denies each and every allegation set forth in Paragraph "25" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) on or about October 27, 2007, NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

26.    Defendant denies each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

## AS TO "BACKGROUND"

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of Plaintiff's Complaint.

29.    Defendant denies each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint, except admits that: (1) on or about January 3, 2005, Plaintiff commenced employment with NASCAR; and (2) Magic Johnson served as Co-Chairman of NASCAR's Executive Steering Committee for Diversity.

30.    Defendant denies each and every allegation set forth in Paragraph "30" of Plaintiff's Complaint, except admits that on or about January 3, 2005, Plaintiff commenced employment with NASCAR.

31.    Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint, except admits that: (1) on or about January 3, 2005, Plaintiff commenced employment with NASCAR; (2) Plaintiff's job responsibilities as an Official included checking and inspecting the race cars before, during and after races; (3) the Busch Series starts the season in Daytona Beach, Florida; and (4) on or about October 27, 2007, NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

32.    Defendant denies each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint.

33.    Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint, and avers that Plaintiff received scores of below 3.5 out of 5 on her 2005 Performance Review and 2006 Performance Review.

34.    Defendant denies each and every allegation set forth in Paragraph "34" of Plaintiff's Complaint.

35.    Defendant denies each and every allegation set forth in Paragraph "35" of Plaintiff's Complaint, except admits that: (1) NASCAR is committed to diversity; and (2) Plaintiff appeared at NASCAR-sponsored programs.

36.     Defendant denies each and every allegation set forth in Paragraph "36" of Plaintiff's Complaint.

37.     Defendant denies each and every allegation set forth in Paragraph "37" of Plaintiff's Complaint.

38.     Defendant denies each and every allegation set forth in Paragraph "38" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) on or about October 27, 2007, Defendant terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

## AS TO "SPECIFIC COMBINED ALLEGATIONS OF RACE AND GENDER DISCRIMINATION"

39.     Defendant denies each and every allegation set forth in Paragraph "39" of Plaintiff's Complaint, except admits that Defendant employed Plaintiff as an Official for the Busch Series, and avers that: (1) all qualified drivers are eligible to participate in NASCAR-sanctioned events; and (2) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

40.     Defendant denies each and every allegation set forth in Paragraph "40" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

41.     Defendant denies each and every allegation set forth in Paragraph "41" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

42.    Defendant denies each and every allegation set forth in Paragraph "42" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

43.    Defendant denies each and every allegation set forth in Paragraph "43" of Plaintiff's Complaint, and avers that: (1) NASCAR is an equal opportunity employer with a strong commitment to diversity in the hiring and advancement of its employees; and (2) NASCAR maintains a zero tolerance policy against discrimination and harassment in the workplace.

44.    Defendant denies each and every allegation set forth in Paragraph "44" of Plaintiff's Complaint, and avers that NASCAR is committed to diversity in the hiring and advancement of its employees.

45.    Defendant denies each and every allegation set forth in Paragraph "45" of Plaintiff's Complaint, and avers that: (1) NASCAR is an equal opportunity employer with a strong commitment to diversity in the hiring and advancement of its employees; (2) NASCAR maintains a zero tolerance policy against discrimination and harassment in the workplace; and (3) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

46.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "45" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 46 of Plaintiff's Complaint.

## AS TO "SPECIFIC ALLEGATIONS OF RACE DISCRIMINATION, RACIAL HARASSMENT, A RACIALLY HOSTILE WORK ENVIRONMENT, AND RETALIATION"

47.    Defendant denies each and every allegation set forth in Paragraph "47" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

48.    Defendant denies each and every allegation set forth in Paragraph "48" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

49.    Defendant denies each and every allegation set forth in Paragraph "49" of Plaintiff's Complaint, and avers that: (1) Plaintiff referred to herself as several of the names identified in this paragraph; and (2) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

50.    Defendant denies each and every allegation set forth in Paragraph "50" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

51.    Defendant denies each and every allegation set forth in Paragraph "51" of Plaintiff's Complaint, and avers that: (1) Plaintiff's supervisors repeatedly counseled Plaintiff regarding her tardiness; (2) Plaintiff's co-workers complained to Plaintiff and their supervisors regarding her tardiness; (3) Plaintiff's failure to timely arrive at her designated carpool prevented

Plaintiff and Plaintiff's co-workers who traveled with her to the racetrack from promptly performing their job duties; (4) Plaintiff coined the phrases "Colored People's Time" and "Mo Time" in reference to her pattern of lateness; and (5) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

52.    Defendant denies each and every allegation set forth in Paragraph "52" of Plaintiff's Complaint.

53.    Defendant denies each and every allegation set forth in Paragraph "53" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

54.    Defendant denies each and every allegation set forth in Paragraph "54" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

55.    Defendant denies each and every allegation set forth in Paragraph "55" of Plaintiff's Complaint.

56.    Defendant denies each and every allegation set forth in Paragraph "56" of Plaintiff's Complaint, except admits that Plaintiff punched Mr. Covel, and avers that Plaintiff was subsequently referred to as Muhammad on occasion in reference to boxer Muhammad Ali.

57.    Defendant denies each and every allegation set forth in Paragraph "57" of Plaintiff's Complaint, and avers that NASCAR spent considerable resources on security for all of its employees and the participants who attended the race in Mexico.

58.    Defendant denies each and every allegation set forth in Paragraph "58" of Plaintiff's Complaint.

59.    Defendant denies each and every allegation set forth in Paragraph "59" of Plaintiff's Complaint, and avers that NASCAR provides special accommodations for the dietary need of its employees.

60.    Defendant denies each and every allegation set forth in Paragraph "60" of Plaintiff's Complaint.

61.    Defendant denies each and every allegation set forth in Paragraph "61" of Plaintiff's Complaint.

62.    Defendant denies each and every allegation set forth in Paragraph "62" of Plaintiff's Complaint.

63.    Defendant denies each and every allegation set forth in Paragraph "63" of Plaintiff's Complaint.

64.    Defendant denies each and every allegation set forth in Paragraph "64" of Plaintiff's Complaint.

65.    Defendant denies each and every allegation set forth in Paragraph "65" of Plaintiff's Complaint.

66.    Defendant denies each and every allegation set forth in Paragraph "66" of Plaintiff's Complaint.

67.    Defendant denies each and every allegation set forth in Paragraph "67" of Plaintiff's Complaint.

68.    Defendant denies each and every allegation set forth in Paragraph "68" of Plaintiff's Complaint.

69.    Defendant denies each and every allegation set forth in Paragraph "69" of Plaintiff's Complaint, and avers that Plaintiff informed her co-workers that she lived in the "hood."

70.    Defendant denies each and every allegation set forth in Paragraph "70" of Plaintiff's Complaint.

71.    Defendant denies each and every allegation set forth in Paragraph "71" of Plaintiff's Complaint.

72.    Defendant admits the allegations set forth in Paragraph "72" of Plaintiff's Complaint, and avers that Mr. Johnson sent an email entitled "International Disadvantaged People's Day" to several of his co-workers.

73.    Defendant denies each and every allegation set forth in Paragraph "73" of Plaintiff's Complaint, and avers that: (1) Mr. Dolan instructed Plaintiff to teach Mr. Altizer how to use a software program that recorded engine RPMs; and (2) Plaintiff referred to Mr. Altizer as a "dumbass," "redneck" and "hillbilly."

74.    Defendant denies each and every allegation set forth in Paragraph "74" of Plaintiff's Complaint.

75.    Defendant denies each and every allegation set forth in Paragraph "75" of Plaintiff's Complaint.

76.    Defendant denies each and every allegation set forth in Paragraph "76" of Plaintiff's Complaint.

77.    Defendant denies each and every allegation set forth in Paragraph "77" of Plaintiff's Complaint.

78.     Defendant denies each and every allegation set forth in Paragraph "78" of Plaintiff's Complaint.

79.     Defendant denies each and every allegation set forth in Paragraph "79" of Plaintiff's Complaint.

80.     Defendant denies each and every allegation set forth in Paragraph "80" of Plaintiff's Complaint.

81.     Defendant denies each and every allegation set forth in Paragraph "81" of Plaintiff's Complaint.

82.     Defendant denies each and every allegation set forth in Paragraph "82" of Plaintiff's Complaint.

83.     Defendant denies each and every allegation set forth in Paragraph "83"of Plaintiff's Complaint.

84.     Defendant denies each and every allegation set forth in Paragraph "84" of Plaintiff's Complaint.

85.     Defendant denies each and every allegation set forth in Paragraph "85" of Plaintiff's Complaint.

86.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

87.     Defendant denies each and every allegation set forth in Paragraph "87" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

88.    Defendant denies each and every allegation set forth in Paragraph "88" of Plaintiff's Complaint, except admits that on or about October 27, 2007, NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

89.    Defendant denies each and every allegation set forth in Paragraph "89" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

90.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "89" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 90 of Plaintiff's Complaint.

## AS TO "SPECIFIC ALLEGATIONS OF GENDER DISCRIMINATION, SEXUAL HARASSMENT AND A SEXUALLY HOSTILE WORK ENVIRONMENT"

91.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "90" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 91 of Plaintiff's Complaint.

92.    Defendant denies each and every allegation set forth in Paragraph "92" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

93.    Defendant denies each and every allegation set forth in Paragraph "93" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

94.    Defendant denies each and every allegation set forth in Paragraph "94" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

95.    Defendant denies each and every allegation set forth in Paragraph "95" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

96.    Defendant denies each and every allegation set forth in Paragraph "96" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

97.    Defendant denies each and every allegation set forth in Paragraph "97" of Plaintiff's Complaint, and avers that: (1) a photograph of Plaintiff with the phrase "Go For Moe" was hung up in the locker trailer; (2) Plaintiff answered her radio on the racetrack by stating: "go for Mo;" and (3) at various times the locker trailer contained photographs of other Officials.

98.    Defendant denies each and every allegation set forth in Paragraph "98" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

99.    Defendant denies each and every allegation set forth in Paragraph "99" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

100.    Defendant denies each and every allegation set forth in Paragraph "100" of Plaintiff's Complaint.

101.    Defendant denies each and every allegation set forth in Paragraph "101" of Plaintiff's Complaint.

16

102.    Defendant denies each and every allegation set forth in Paragraph "102" of Plaintiff's Complaint.

103.    Defendant denies each and every allegation set forth in Paragraph "103" of Plaintiff's Complaint.

104.    Defendant denies each and every allegation set forth in Paragraph "104" of Plaintiff's Complaint.

105.    Defendant denies each and every allegation set forth in Paragraph "105" of Plaintiff's Complaint, and avers that certain female employees wanted a separate changing area.

106.    Defendant denies each and every allegation set forth in Paragraph "106" of Plaintiff's Complaint.

107.    Defendant denies each and every allegation set forth in Paragraph "107" of Plaintiff's Complaint, and avers that Mr. Weddle assumed the position of Mechanical Measurements Inspection Supervisor effective November 9, 2007.

108.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "108" of Plaintiff's Complaint.

109.    Defendant denies each and every allegation set forth in Paragraph "109" of Plaintiff's Complaint.

110.    Defendant denies each and every allegation set forth in Paragraph "110" of Plaintiff's Complaint.

111.    Defendant denies each and every allegation set forth in Paragraph "111" of Plaintiff's Complaint.

112.    Defendant denies each and every allegation set forth in Paragraph "112" of Plaintiff's Complaint.

113.    Defendant denies each and every allegation set forth in Paragraph "113" of Plaintiff's Complaint.

114.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "114" of Plaintiff's Complaint.

115.    Defendant denies each and every allegation set forth in Paragraph "115" of Plaintiff's Complaint.

116.    Defendant denies each and every allegation set forth in Paragraph "116" of Plaintiff's Complaint.

117.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "117" of Plaintiff's Complaint.

118.    Defendant denies each and every allegation set forth in Paragraph "118" of Plaintiff's Complaint.

119.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "119" of Plaintiff's Complaint.

120.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "120" of Plaintiff's Complaint.

121.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "120" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 121 of Plaintiff's Complaint.

## AS TO "SPECIFIC ALLEGATIONS OF RETALIATION"

122.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "121" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 122 of Plaintiff's Complaint.

123.    Defendant denies each and every allegation set forth in Paragraph "123" of Plaintiff's Complaint.

124.    Defendant denies each and every allegation set forth in Paragraph "124" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

125.    Defendant denies each and every allegation set forth in Paragraph "125" of Plaintiff's Complaint, and avers that Plaintiff and Mr. Altizer were both reprimanded for their inability to work with one another.

126.    Defendant denies each and every allegation set forth in Paragraph "126" of Plaintiff's Complaint, and avers that Plaintiff and Mr. Altizer both complained about one another.

127.    Defendant denies each and every allegation set forth in Paragraph "127" of Plaintiff's Complaint, and avers that: (1) Plaintiff's supervisors repeatedly counseled Plaintiff regarding her tardiness; (2) Plaintiff's co-workers complained to Plaintiff and their supervisors regarding her tardiness; (3) Plaintiff's failure to timely arrive at her designated carpool prevented Plaintiff and Plaintiff's co-workers who traveled with her to the racetrack from promptly

performing their job duties; and (4) Plaintiff coined the phrases "Colored People's Time" and "Mo Time" in reference to her pattern of lateness.

128.    Defendant denies each and every allegation set forth in Paragraph "128" of Plaintiff's Complaint, and avers that: (1) Plaintiff and Mr. Altizer both complained about one another; (2) Plaintiff and Mr. Altizer were both reprimanded for their inability to work with one another; and (3) Plaintiff begged Mr. Auton to not report her argument with Mr. Altizer to Mr. Balash.

129.    Defendant denies each and every allegation set forth in Paragraph "129" of Plaintiff's Complaint, and avers that Plaintiff was removed from her assignment to teach Mr. Altizer how to use a software program that recorded engine RPMs.

130.    Defendant denies each and every allegation set forth in Paragraph "130" of Plaintiff's Complaint, and avers that: (1) all NASCAR employees and personnel are required to show their credentials to track security upon request for security reasons; and (2) following an altercation between Plaintiff and track security at Michigan International Speedway, Ms. George warned Plaintiff that her next incident of inappropriate behavior would result in the termination of her employment.

131.    Defendant denies each and every allegation set forth in Paragraph "131" of Plaintiff's Complaint, except admits Plaintiff used profanity at work.

132.    Defendant denies each and every allegation set forth in Paragraph "132" of Plaintiff's Complaint, and avers that: (1) on or about November 14, 2007, NASCAR terminated Dean Duckett's employment for physically threatening to "cut" a co-worker; (2) Mr. Duckett's physical threat of violence toward a co-worker followed numerous other instances of inappropriate behavior; and (3) on or about May 4, 2004, NASCAR terminated the employment

of a Caucasian Official for violating NASCAR's zero tolerance policy against discrimination and harassment in the workplace after Mr. Duckett notified NASCAR of an inappropriate comment made by the Official. NASCAR immediately investigated the incident and terminated the Official's employment.

133.    Defendant denies each and every allegation set forth in Paragraph "133" of Plaintiff's Complaint, and avers that: (1) Plaintiff's supervisors repeatedly counseled Plaintiff regarding her tardiness; (2) Plaintiff's co-workers complained to Plaintiff and their supervisors regarding her tardiness; (3) Plaintiff's failure to timely arrive at her designated carpool prevented Plaintiff and Plaintiff's co-workers who traveled with her to the racetrack from promptly performing their job duties; (4) Plaintiff coined the phrases "Colored People's Time" and "Mo Time" in reference to her pattern of lateness; and (5) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

134.    Defendant denies each and every allegation set forth in Paragraph "134" of Plaintiff's Complaint.

135.    Defendant denies each and every allegation set forth in Paragraph "135" of Plaintiff's Complaint, and avers that on or about April 29, 2008, NASCAR terminated David Duke's employment.

136.    Defendant denies each and every allegation set forth in Paragraph "136" of Plaintiff's Complaint.

137.    Defendant denies each and every allegation set forth in Paragraph "137" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

138.    Defendant denies each and every allegation set forth in Paragraph "138" of Plaintiff's Complaint, and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

139.    Defendant denies each and every allegation set forth in Paragraph "139" of Plaintiff's Complaint, and avers that: (1) Plaintiff's supervisors repeatedly counseled Plaintiff regarding her tardiness; (2) Plaintiff's co-workers complained to Plaintiff and their supervisors regarding her tardiness; (3) Plaintiff's failure to timely arrive at her designated carpool prevented Plaintiff and Plaintiff's co-workers who traveled with her to the racetrack from promptly performing their job duties; and (4) Plaintiff coined the phrases "Colored People's Time" and "Mo Time" in reference to her pattern of lateness.

140.    Defendant denies each and every allegation set forth in Paragraph "140" of Plaintiff's Complaint, and avers that: (1) Plaintiff never complained to any NASCAR employee during her employment that she was subjected to discrimination or harassment based on her sex or race; and (2) NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

141.    Defendant denies each and every allegation set forth in Paragraph "141" of Plaintiff's Complaint, and avers that: (1) no female Official complained to Mr. Balash or any other NASCAR supervisor regarding a sexually hostile work environment; (2) in or about August 2005, Mr. Balash learned that Dean Duckett poured water on Official Heather Gambino's shirt; (3) Mr. Balash contacted Ms. Gambino to determine if she wanted him to investigate the incident and Ms. Gambino answered in the affirmative; (4) NASCAR conducted an investigation regarding the incident and took appropriate actions to the satisfaction of all interested parties; (5) NASCAR banned Mr. Duckett from participating in the following two

races; and (6) on or about June 14, 2006, NASCAR and Ms. Gambino ended their employment relationship.

142.    Defendant denies each and every allegation set forth in Paragraph "142" of Plaintiff's Complaint.

143.    Defendant denies each and every allegation set forth in Paragraph "143" of Plaintiff's Complaint; and avers that NASCAR terminated Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION
## § 1981 – RACE DISCRIMINATION"

144.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "143" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 144 of Plaintiff's Complaint.

145.    Defendant denies each and every allegation set forth in Paragraph "145" of Plaintiff's Complaint.

146.    Defendant denies each and every allegation set forth in Paragraph "146" of Plaintiff's Complaint.

147.    Defendant denies each and every allegation set forth in Paragraph "147" of Plaintiff's Complaint.

148.    Defendant denies each and every allegation set forth in Paragraph "148" of Plaintiff's Complaint.

## AS TO "AS AND FOR A SECOND CAUSE OF ACTION
## § 1985 – RACE DISCRIMINATION"

149.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "148" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 149 of Plaintiff's Complaint.

150.    Defendant denies each and every allegation set forth in Paragraph "150" of Plaintiff's Complaint.

151.    Defendant denies each and every allegation set forth in Paragraph "151" of Plaintiff's Complaint.

152.    Defendant denies each and every allegation set forth in Paragraph "152" of Plaintiff's Complaint.

153.    Defendant denies each and every allegation set forth in Paragraph "153" of Plaintiff's Complaint.

## AS TO "AS AND FOR A THIRD CAUSE OF ACTION
## NYSHRL – RACE DISCRIMINATION"

154.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "153" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 154 of Plaintiff's Complaint.

155.    Defendant denies each and every allegation set forth in Paragraph "155" of Plaintiff's Complaint.

156.    Defendant denies each and every allegation set forth in Paragraph "156" of Plaintiff's Complaint.

157.    Defendant denies each and every allegation set forth in Paragraph "157" of Plaintiff's Complaint.

**AS TO "AS AND FOR A FOURTH CAUSE OF ACTION**
**NYSHRL – RACIAL HARASSMENT/HOSTILE WORK ENVIRONMENT"**

158.   Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "157" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 158 of Plaintiff's Complaint.

159.   Defendant denies each and every allegation set forth in the second Paragraph "158" of Plaintiff's Complaint.

160.   Defendant denies each and every allegation set forth in Paragraph "159" of Plaintiff's Complaint.

161.   Defendant denies each and every allegation set forth in Paragraph "160" of Plaintiff's Complaint.

**AS TO "AS AND FOR A FIFTH CAUSE OF ACTION**
**NYSHRL –GENDER DISCRIMINATION"**

162.   Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "160" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 161 of Plaintiff's Complaint.

163.   Defendant denies each and every allegation set forth in Paragraph "162" of Plaintiff's Complaint.

164.   Defendant denies each and every allegation set forth in Paragraph "163" of Plaintiff's Complaint.

165.   Defendant denies each and every allegation set forth in Paragraph "164" of Plaintiff's Complaint.

## AS TO "AS AND FOR A SIXTH CAUSE OF ACTION
## NYSHRL – SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT"

166.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "164" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 165 of Plaintiff's Complaint.

167.    Defendant denies each and every allegation set forth in Paragraph "166" of Plaintiff's Complaint.

168.    Defendant denies each and every allegation set forth in Paragraph "167" of Plaintiff's Complaint.

169.    Defendant denies each and every allegation set forth in Paragraph "168" of Plaintiff's Complaint.

## AS TO "AS AND FOR A SEVENTH CAUSE OF ACTION
## NYSHRL – RETALIATION"

170.    Defendant repeats and realleges its responses to each and every allegation contained in Paragraph "1" through "168" of Plaintiff's Complaint as though set forth at length herein in response to Paragraph 169 of Plaintiff's Complaint.

171.    Defendant denies each and every allegation set forth in Paragraph "170" of Plaintiff's Complaint.

172.    Defendant denies each and every allegation set forth in Paragraph "171" of Plaintiff's Complaint.

173.    Defendant denies each and every allegation set forth in Paragraph "172" of Plaintiff's Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant upon which relief can be granted or for which the damages sought can be awarded.

26

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith based on reasonable factors other than gender or race, and has not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes or guidelines.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages against Defendant are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiff's claims.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleging discrimination and/or harassment are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or harassing behavior.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleging discrimination and/or harassment are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

27

### AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages and equitable relief are barred, in whole or in part, by the after-acquired evidence doctrine.

### AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Defendant did not aid, abet, condone or acquiesce in any unlawful harassment or discriminatory acts.

### AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, due to Defendant's good faith efforts to comply with applicable federal, state, city and local anti-discrimination laws.

### AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's choice of venue is improper under 28 U.S.C. § 1404, or in the alternative, another venue is more convenient.

### AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim under 42 U.S.C. § 1985 is deficient as a matter of law since Plaintiff has not properly pled a conspiracy.

### AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff's sex or race was a factor in any employment decisions, which they were not, Defendant would still have made the same employment decisions regardless of Plaintiff's sex or race.

WHEREFORE, Defendant NASCAR respectfully requests that this Court:

1.    Dismiss Plaintiff's Complaint in its entirety and all claims for relief set forth therein, with prejudice;

2.    Deny each and every demand for relief as set forth in Plaintiff's Complaint; and,

3.    Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway
White Plains, New York 10601-2305
(914) 328-0404
(914) 328-1882 (facsimile)

By:    _____

Greg Riolo (GR 1634)
Michael A. Frankel (MF 9712)

ATTORNEYS FOR DEFENDANT
NATONAL ASSOCIATION FOR STOCK
CAR AUTO RACING, INC.

Dated: August 8, 2008
       White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MAURICIA GRANT,                                      :
                                                     :
                              Plaintiff,             :     Case No. 08 CV 5276 (DAB)
                                                     :
               - against -                           :
                                                     :
NATIONAL ASSOCIATION FOR STOCK                       :
CAR RACING, INC.,                                    :
                                                     :
                              Defendant.             :
-----------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant NASCAR's Answer to

Plaintiff's Complaint was served via ECF and U.S. Mail, postage pre-paid, on August 8, 2008,

upon the attorneys for Plaintiff at the following address:

Martha M. McBrayer, Esq.
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, New York  10022

_____
                    Greg Riolo